Tracy agt. Stearns.

## SUPREME COURT.

WILLIAM TRACY and another, respondents, agt. DANIEL STEARNS and another, appellants.

*Reference — Action by attorneys for professional services — When compulsory reference not to be ordered.*

In an action by attorneys for professional services and disbursements, though the bill of particulars contain a large number of charges, yet, as the services were performed and the disbursements made in the prosecution of a single action, it is not a case within the rule permitting a compulsory reference.

*First Department, General Term, May,* 1881.

*Before* DAVIS, *P. J.,* BRADY *and* DANIELS, *JJ.*

APPEAL from an order made at circuit, directing the trial of this action before a referee.

*William H. Townley,* for appellants.

*Tracy & Talmadge,* for respondents.

DANIELS, *J.* — The action was brought to recover the amount of the plaintiffs' demand for services and disbursements rendered and made by them as attorneys in prosecuting an action in the supreme court. The bill of particulars contained a large number of charges, and for that reason it was deemed a long account within the meaning of the rule existing upon this subject, and for that reason the reference was ordered. But as the services were performed and the disbursements made in the prosecution of a single action, that rule is not applicable to the case.

The cause of action was still a single subject-matter, not within the rule permitting a compulsory reference to be

ordered. It was a case, on the contrary, which the authorities are quite uniform in holding should be tried by a jury, unless both parties agree to its trial before a referee (*Brinck* agt. *Public Fire Ins. Co.*, 2 *N. Y. Sup. Ct.* [*T. C.*], 550; *Barthgate* agt. *Haskin*, 59 *N. Y.*, 533; *Felt* agt. *Tiffany*, 11 *Hun*, 62; *Martin* agt. *Windsor Hotel Co.*, 10 *Hun*, 304; *Dittenhoefer* agt. *Lewis*, 5 *Daly*, 72; *Daily* agt. *Gescheidt*, 9 *Reporter*, 254).

Under the rule sustained by these authorities the order made was not authorized. It should therefore be reversed, with costs to abide the event.

All concur.